MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540-7814
August W. Heckman III
Emily Cuneo DeSmedt
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIANA HENSON,<br><br>             Plaintiff,<br><br>    v.<br><br>AMAZON FULFILLMENT SERVICES, INC.,<br>and JOHN DOES 1-5 AND 6-10,<br><br>             Defendants. | Civil Action No.:<br><br>NOTICE OF REMOVAL<br><br>**Document Electronically Filed** |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant

Amazon.com.dedc, LLC ("Amazon," incorrectly identified in the Complaint as "Amazon

Fulfillment Services, Inc."), by and through its attorneys, Morgan, Lewis & Bockius LLP,

hereby removes the above-captioned action from the Superior Court of the State of New Jersey

in and for Burlington County, Case No. BUR-L-290-17, to the United States District Court for

the District of New Jersey.  In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:  upon information and belief, Plaintiff Briana Henson ("Plaintiff") resides at 239B Willow Turn, Mount Laurel, New Jersey 08054 and is represented by Costello & Mains, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054.  Amazon.com.dedc, LLC is a subsidiary of Amazon.com, Inc., which is a Delaware corporation, and has a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109.  Amazon is represented by Morgan, Lewis & Bockius LLP, 502 Carnegie Center, Princeton, New Jersey 08540.

2.      On February 1, 2017, Plaintiff filed a civil action in the Superior Court of the State of New Jersey, Burlington County, captioned *Briana Henson v. Amazon Fulfillment Services, Inc., et al.*, Civil Action No. BUR-L-290-17.

3.      In her Complaint, Plaintiff alleges claims under both state and federal law, including "disability discrimination and/or discrimination based on perceived disability, failure to accommodate and retaliation, violation of the Family Medical Leave Act ("FMLA"), and violation of the doctrine set forth in *Pierce v. Ortho Pharmaceuticals and Lally v. Copy Graphics, Inc.*"  *See* Complaint, Ex. A, Preliminary Statement.

4.      Plaintiff could have originally filed this action against Defendant in this Court pursuant to 28 U.S.C. § 1331 and § 1332.

5.      Plaintiff served her Complaint on Defendant on February 17, 2017.

6.      Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Complaint on Defendant.  Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

7.      No proceedings have been held in the Superior Court of the State of New Jersey, Burlington County since Plaintiff filed her Complaint.  The Summons, Complaint, Demand to Preserve Evidence, and Jury Demand – copies of which are attached hereto as **Exhibit A** – constitute the entirety of the process, pleadings, and orders Defendant has received in this case to date.  *See* 28 U.S.C. § 1447(b).

### GROUNDS FOR REMOVAL

8.      Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

9.       Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

10.     Federal district courts also have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

**Federal Question Jurisdiction**

11.     This Court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims against Defendant under the federal FMLA, 29 U.S.C. § 2601, *et seq*.

12.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

13.     Plaintiff's Fifth Count alleges that she was "unlawfully retaliated against [] in violation of the FMLA."  Compl., Ex. A, ¶ 38.

14.     Because the Complaint states a claim under the federal FMLA, over which this Court has original jurisdiction, removal is proper under 28 U.S.C. § 1441(a).

15.     To the extent Plaintiff's remaining counts arise under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1 *et seq.*, and New Jersey common law, this Court has supplemental jurisdiction over these claims as they "form part of the same case or controversy" as Plaintiff's Fifth Count because all of Plaintiff's claims arise out of her employment with Defendant and alleged issues relating to her alleged disability during her employment.  *See* 28 U.S.C. § 1367(a).

**Diversity Jurisdiction**

16.     In the alternative, even if Plaintiff had not pled a federal claim (which she did), Defendant may remove this case to this Court in accordance with 28 U.S.C. § 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states.  *See* 28 U.S.C. § 1332.

Amount in Controversy

17.     In her Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendant terminated her employment because of her alleged disability. Specifically, in Counts I though IV, Plaintiff alleges discrimination, failure to accommodate, and retaliation under the LAD, *see* Ex. A. at ¶¶ 27-36;  in Count V, Plaintiff asserts retaliation under the FMLA, *see* Ex. A. at ¶¶ 37-38; in Count VI, Plaintiff asserts wrongful discharge under common law, *see* Ex. A. at ¶¶ 39-40; and in Count VII, Plaintiff requests equitable relief, including reinstatement of her employment and all benefits, and back pay, *see* Ex. A. at ¶¶ 39-49.  Plaintiff seeks monetary damages in the form of back pay, front pay, compensatory damages, attorney fees and punitive damages.  *Id.,* at ¶ 49.

18.     While Plaintiff does not quantify the damages that she seeks to recover, she cannot show to a legal certainty that her alleged damages amount to *less* than $75,000.  *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount").  Indeed, Plaintiff seeks "compensatory damages, punitive damages … attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just."  Compl., Ex. A.

19.     Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

Citizenship

20.     Plaintiff is a citizen of the State of New Jersey.  *See* Compl., Ex. A, ¶ 1.

21.     Under 28 U.S.C. §1332(c)(1), a corporation is deemed a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. Amazon Fulfillment Services, Inc. and Amazon.com.dedc, LLC are subsidiaries of Amazon.com, Inc., a Delaware Corporation, and have their principal places of business in North Seattle, Washington.

22.     Accordingly, complete diversity of citizenship exists between Plaintiff and Amazon.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

23.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district and

division embracing the Superior Court of New Jersey, Burlington County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district.  *See generally* Compl., Ex. A.

24.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of New Jersey, Burlington County, where the suit has been pending.

25.     As of the date of the Notice of Removal, the undersigned Defendant is the only named defendant who has received the Summons and Complaint.  Thus, all defendants who have been served either join in or consent to this Notice of Removal.  28 U.S.C. § 1441.

WHEREFORE, pursuant to 28 U.S.C. § 1441(a) and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the District of New Jersey and respectfully requests that the Superior Court of the State of New Jersey, Burlington County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  February 17, 2017                    Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s August W. Heckman III*
Richard G. Rosenblatt
August W. Heckman III
Emily Cuneo DeSmedt
502 Carnegie Center
Princeton, New Jersey 08540
Telephone: (609) 919-6600
Facsimile: (609) 919-6701
richard.rosenblatt@morganlewis.com
august.heckman@morganlewis.com
emily.desmedt@morganlewis.com
*Attorneys for Defendant*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2017, a true and correct copy of

the foregoing Notice of Removal with exhibit was served on the party listed below via email and

First Class Mail:

Kevin M. Costello, Esquire
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
*Attorney for Plaintiff*

*/s/ Emily Cuneo DeSmedt*
Emily DeSmedt

# EXHIBIT A

# Costello & Mains, LLC

### Counselors at Law



| | |
|---|---|
| Kevin M. Costello◊ | Drake P. Bearden, Jr.▢ |
| Deborah L. Mains○ | Alexis A. Franklin △ |
| Daniel T. Silverman▢ | Amanda L. O'Keefe ▢ |

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
▢ Member of the New Jersey, Pennsylvania Bars
△ Pending Membership of the New Jersey Bar

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

February 16, 2017

**VIA PROCESS SERVER**
Amazon Fulfillment Services, Inc.
c/o Corporation Service Company
100 Princeton South Corporate Center
Ewing, NJ 08628

Re:     **Briana Henson v. Amazon Fulfillment Services, Inc., et al.**
        **Docket No.: BUR-L-290-17**

To Whom It May Concern:

Enclosed for service upon you please find the following: Summons and Complaint; Case Information Statement; track assignment; Plaintiff's First Set of Interrogatories to Defendants and Plaintiff's First Request for Production of Documents to Defendants, in the above matter.

Thank you.

Very truly yours,

COSTELLO & MAINS, LLC

By: _____
            Amanda L. O'Keefe

AO/at
Enclosures
cc:   Briana Henson

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

**COSTELLO & MAINS, LLC**
By: Amanda L. O'Keefe
Attorney I.D. No. 207572016
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| BRIANA HENSON, | SUPERIOR COURT NEW JERSEY |
| Plaintiff(s), | BURLINGTON COUNTY - LAW DIV. |
| vs. | CIVIL ACTION |
| AMAZON FULFILLMENT SERVICES, INC. and JOHN DOES 1-5 AND 6-10, | DOCKET NO: BUR-L-290-17 |
| Defendant(s). | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/  Michelle M. Smith
Clerk of the Superior Court

DATED: February 16, 2017

**Name of Defendant to be Served:**          Amazon Fulfillment Services, Inc.

**Address of Defendant to be Served:**        c/o Corporation Service Company
100 Princeton South Corporate Center Suite 160
Ewing, NJ 08628

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor ~ Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# Costello & Mains, LLC

### Counselors at Law

**Kevin M. Costello◊**
**Deborah L. Mains○**
**Daniel T. Silverman□**



**Drake P. Bearden, Jr. □**
**Alexis A. Franklin △**
**Amanda L. O'Keefe □**

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

○ Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
△ Pending Membership of the New Jersey Bar

**www.CostelloMains.com**
**(856) 727-9700**
**(856) 727-9797 (fax)**

February 16, 2017

Amazon Fulfillment Services, Inc.
c/o Corporation Service Company
100 Princeton South Corporate Center
Ewing, NJ 08628

      **Re:**    **Briana Henson v. Amazon Fulfillment Services, Inc., et al.**
              **Docket No.: BUR-L-290-17**

To Whom It May Concern:

      Please be advised that this office represents the interests of the above-named plaintiff in this action.

      The term "you," "your" or "yours" as used herein shall refer to you (the recipient of this letter), as well as any and all named defendants in this matter, its affiliates and/or subsidiaries, its employees, representatives and/or agents and officials, as well as any and all individuals responsible for the custody and control of the below information, including but not limited to those individual's administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.

      You are directed from this point forward to prevent any "spoliation", defined as alteration, change, updating, periodic destruction of, editing or deletion of, any of the information which is set forth hereafter.

      If you cause any such alteration, destruction or change, directed or allow it to occur, you will be potentially charged with discovery rule violations for which sanctions may be imposed. Further, the Complaint may be amended to add purposeful and/or reckless or negligent destruction or spoliation of evidence. Finally, we may ask for specific instructions to the jury to find certain facts to your disadvantage by virtue of the destroyed or inaccessible evidence.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

February 16, 2017
Page 2 of 3

## Electronically Stored Information

In terms of electronically stored information, you are directed to prevent any destructive, alterative or other change to any web pages, virtual profiles or identities (including *but not limited to* Myspace, Facebook, Instagram, Pinterest, Twitter, Tumblr, LinkedIn, Google Plus+, Flickr, Vine, About.me, ask.fm etc. or any other social media-based web profile or networking site account.), emails, voice messages, text messages, instant messages or messaging systems, pertaining in any way to this controversy or to the parties or witnesses, recordings, digital recordings, media images and videos, temporary memory, memory sticks, portable memory devices, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, back-up and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook, ACT!), electronic spreadsheet files and file fragments, related to this matter. This includes a request that such information not be modified, altered or deleted as a result of data compression or disk fragmentation (or other optimizations procedures), which processes you are hereby directed to suspend until such time as that data can be preserved, copied and produced.

You are directed not modify, alter or delete—or allow modifications, alterations or deletions to be made to—any such electronically stored information unless an exact replica or "mirror image" has been made and will preserved and made accessible for purposes of discovery in this litigation and unless, in addition, an activity log of all document modifications already made to any electronically stored information is maintained.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

You are further directed to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

## Paper Information

In terms of paper information, you are directed to preserve any and all contracts and contract drafts, emails, memos and drafts of memos, handbooks (past and present), policies (past and present) and drafts, employment files, pay stubs or duplicates, spreadsheets, lists, documents,

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

February 16, 2017
Page 3 of 3

notes, correspondence, photographs, investigative information or other documents which pertain in any way to the controversy, parties or witnesses in this matter.

Please be guided accordingly.

Very truly yours,

COSTELLO & MAINS, LLC

By: _____
Amanda L. O'Keefe

AO/at
cc:    Briana Henson

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

DEPUTY CLE
SUPERIOR C
BURLINGTON CO

2017 FEB -1  PM 12: 39

RECEIVED
BY: 004

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello, Esquire
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

---

| | |
|---|---|
| BRIANA HENSON, | SUPERIOR COURT NEW JERSEY |
| | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | DOCKET NO: L - 2 90-17 |
| AMAZON FULFILLMENT SERVICES, | |
| INC. and JOHN DOES 1-5 AND 6-10, | |
| | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

---

Plaintiff, Briana Henson, residing in Mt. Laurel, New Jersey, by way of Complaint

against the defendants, says:

**Preliminary Statement**

This matter is opened to the Court under the New Jersey Law Against Discrimination

("LAD") alleging disability discrimination and/or discrimination based on perceived disability,

failure to accommodate and retaliation, violation of the Family Medical Leave Act ("FMLA"),

and violation of the doctrine set forth in *Pierce v. Ortho Pharmaceuticals* and *Lally v. Copy*

*Graphics, Inc.*

1

## Identification of Parties

1.      Plaintiff Briana Henson is, at all relevant times herein, a resident of the State of New Jersey and a former employee of the defendant.

2.      Defendant Amazon Fulfillment Services, Inc. ("defendant Amazon") is a corporation with its registered agent address at 100 Princeton South Corporate Center, Ewing, New Jersey 08628 and conducting business at 52 New Canton Way, Robbinsville, New Jersey 08691.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

4.      Plaintiff was hired by defendant Amazon as a picker on June 9, 2015.

5.      As a picker, plaintiff was responsible for selecting items throughout the warehouse based on customers' orders and packing the items so that they may be shipped.

6.      In January 2016, plaintiff began to feel numbness and tingling in both hands.

7.      Plaintiff's symptoms began early in her workday and became exacerbated as the day went on and she continued working.

8.      Plaintiff was referred by defendant Amazon for medical treatment as this was a work-related injury and ultimately plaintiff was diagnosed with carpal tunnel syndrome.

9.      Plaintiff also retained counsel to pursue a related worker's compensation case.

10.      Plaintiff's work status was temporarily restricted to light duty and plaintiff was advised not to lift, push or pull greater than five pounds, not to climb ladders, crawl, grip items forcefully, or engage in repetitive work with her hands.

11.     Accordingly, plaintiff requested to "pack singles" as a reasonable accommodation as it involved less constant use of her hands, but defendant Amazon denied this request.

12.     Plaintiff also requested other reasonable accommodations such as being permitted to perform "flat starting work," but again defendant Amazon denied her request.

13.     On July 11, 2016, after Amazon denied each of plaintiff's requests for reasonable accommodations and her pain persisted, plaintiff requested leave under the FMLA.

14.     A few days after, plaintiff received a phone call from Wellington (last name unknown), an employee of defendant Amazon, who denied that plaintiff's carpal tunnel syndrome was a work-related injury and accused plaintiff of not working enough.

15.     Plaintiff received a termination letter from defendant Amazon dated July 15, 2016.

16.     Plaintiff was disabled within the meaning of the LAD.

17.     In addition and/or in the alternative, defendant held perceptions of or regarding disability and/or of plaintiff's utility as an employee.

18.     A determinative and/or motivating factor in plaintiff's termination was plaintiff's disability.

19.     In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's termination was the defendant's perception held of or regarding disability.

20.     In addition and/or in the alternative, a determinative or motivating factor in plaintiff's termination was the fact that plaintiff made a request for reasonable a accommodation under the LAD.

21.     In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's termination was the fact that plaintiff exercised her rights pursuant to the FMLA.

3

22.     In addition and/or in the alternative, a determinative and/or motivating factor in plaintiff's termination was the fact that plaintiff exercised her rights to workers' compensation benefits.

23.     Plaintiff's membership in one or more of the protected categories set forth above was a determinative and/or motivating factor in the defendant's decision to terminate the plaintiff.

24.     Because the discrimination and retaliation was knowing, intentional and purposeful, and undertaken by members of upper management, punitive damages are warranted.

25.     To the extent there is any "mixed-motive," plaintiff need only show that a determinative and/or motivating factor in the conduct directed towards her was because of her membership in one or more of the protected groups set forth above.

26.     As a result of the unlawful conduct outlined above, plaintiff has been forced to suffer both economic and non-economic harm.

## COUNT I

### Discrimination Based on Disability Under the LAD

27.     Plaintiff hereby repeats and realleges paragraphs 1 through 26, as though fully set forth herein.

28.     Plaintiff was subjected to discrimination based on her disability that had an adverse effect on her employment.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT II**

**Perception of Disability Discrimination Under the LAD**

29.     Plaintiff hereby repeats and realleges paragraphs 1 through 28, as though fully set forth herein.

30.     For the reasons set forth above, plaintiff was subjected to adverse employment actions based on the defendant's perception held of or regarding disability.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT III**

**Failure to Accommodate Under the LAD**

31.     Plaintiff hereby repeats and realleges paragraphs 1 through 30, as though fully set forth herein.

32.     As a result of her disability condition, plaintiff made several request to the defendant that she receive a reasonable accommodation.

33.     Despite receiving plaintiff's numerous requests for accommodation, defendants failed to engage in any interactive process to establish whether or not the accommodation could be provided for the plaintiff, and/or failed to provide any reasonable accommodation.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT IV

### Retaliation Under the LAD

34.     Plaintiff hereby repeats and realleges paragraphs 1 through 33, as though fully set forth herein.

35.     Plaintiff engaged in protected activity under the LAD, in that she made a request for a reasonable accommodation.

36.     As a result of plaintiff engaging in protected activity, she was subjected to multiple employment actions, including, but not limited to, being terminated.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

## COUNT V

### Retaliation Under FMLA

37.     Plaintiff hereby repeats and realleges paragraphs 1 through 36, as though fully set forth herein.

38.     For the reasons set forth above, defendants unlawfully retaliated against plaintiff in violation of the FMLA.

6

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT VI**

**Common Law Wrongful Discharge Claim**

39.     Plaintiff hereby repeats and realleges paragraphs 1 through 38, as though fully set forth herein.

40.     To the extent that a determinative and/or motivating factor in plaintiff's discharge was the fact that plaintiff exercised her rights pursuant to the New Jersey Workers' Compensation Law and/or the defendants believed that plaintiff was exercising her rights pursuant to the New Jersey Workers' Compensation Law, her discharge is actionable under the common law, as a violation of clear mandate of public policy pursuant to *Pierce v. Ortho Pharmaceuticals, Inc.* and *Lally v. Copy Graphics, Inc.*

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

**COUNT VII**

**Request for Equitable Relief**

41.     Plaintiff hereby repeats and realleges paragraphs 1 through 40, as though fully set forth herein.

7

42.     Plaintiff requests the following equitable remedies and relief in this matter.

43.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

44.     Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

45.     To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

46.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

47.     Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

48.     Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

49.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, equitable instatement and/or promotion, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

By: _____

Kevin M. Costello

Dated: 1|26|17

9



## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and

electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of

action and/or prayers for relief, to any defenses to same, and pertaining to any party, including,

but not limited to, electronic data storage, closed circuit TV footages, digital images, computer

images, cache memory, searchable data, emails, spread sheets, employment files, memos, text

messages and any and all online social or work related websites, entries on social networking

sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this

litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: _____
            Kevin M. Costello

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By: _____
            Kevin M. Costello

10

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.    I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, LLC

By: _____
        Kevin M. Costello


## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

COSTELLO & MAINS, LLC

By: _____
        Kevin M. Costello